UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

QUINCY POWELL (#381361)

VERSUS

JAMES M. LEBLANC, ET AL

CIVIL ACTION

NUMBER 06-578-JVP-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, January 19, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
M??? ??? LA

2007 JAN 19  P 2: 13

QUINCY POWELL (#381361)

VERSUS                                              CIVIL ACTION

JAMES M. LEBLANC, ET AL                             NUMBER 06-578-JVP-DLD

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on the application of petitioner Quincy Powell for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of one count second degree murder by a jury in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on August 25, 2000. On January 16, 2001, the court set aside the verdict of second degree murder and rendered a judgment of conviction of manslaughter. Petitioner was sentenced to 40 years at hard labor with credit for time served.

The Louisiana First Circuit Court of Appeal affirmed the conviction and sentence. *State of Louisiana v. Quincy Powell*, 2001-2295 (La. App. 1st Cir. 9/27/02) (unpublished opinion). Petitioner did not seek review by the Louisiana Supreme Court.

On July 23, 2004, the petitioner filed an application for post-conviction relief in the district court. On October 28, 2004, the trial court denied review. Petitioner sought review in the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal denied reviewed. *State of Louisiana ex rel. Quincy Powell v. State of Louisiana*, 2004-2660 (La. App. 1st Cir. 2/7/05). Petitioner sought review by the Louisiana Supreme Court. The

1

Louisiana Supreme Court denied review on January 27, 2006. *State ex rel Quincy Powell v. State of Louisiana*, 2005-0924 (La. 1/27/06), 922 So.2d 539.

Petitioner signed his federal habeas corpus application on July 14, 2006, and it was filed on August 11, 2006.

No evidentiary hearing is required. Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A petition is properly filed when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361 (2000). A properly filed petition must be in the proper form, and be timely delivered to the proper court or office. *Id*. A petition ruled untimely by a state court cannot be "properly filed" even if some judicial review is necessary to determine if the filing condition, or an exception to it, is met. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-18, 125 S.Ct. 1807, 1812-14 (2005). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on October 27, 2002.[1] By the time the petitioner sought post-conviction relief in the trial court the time limit to file a federal habeas corpus application had already elapsed.[2] Petitioner's federal habeas corpus application was not timely filed.[3]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Baton Rouge, Louisiana, January ___19___, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

---

[1] La. C.Cr.P. Art. 922(B).

[2] Although the entire state court record was not filed in response to the court's September 5, 2006 order, the portions of the state court record produced are sufficient to determine timeliness of the petitioner's federal habeas corpus application. Moreover, the dates relied upon to determine timeliness are undisputed by the petitioner.

[3] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).